## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MANCHA SHERMAN,**       ) <br>     **Plaintiff**          ) <br>                      ) <br> **v.**                           ) <br>                      ) <br> **SANTANDER CONSUMER USA INC.,** ) <br> **JOHN DOE #1, AND JOHN DOE #2** ) <br>     **Defendants**       ) <br>                      ) | **CIVIL ACTION NO.** <br><br><br><br> **JURY TRIAL DEMANDED** <br><br><br> **JULY 25, 2019** |

## COMPLAINT

## I. INTRODUCTION

1.    This is a suit by a consumer for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, in connection with the repossession of a motor vehicle. Plaintiff also claims against Santander Consumer USA, Inc. ("Santander"), for improper repossession of the vehicle and for engaging in unfair business practices.

## II. PARTIES

2.    Plaintiff, Mancha Sherman ("Sherman"), is a natural person residing in Chicopee, MA and is a "consumer" as defined by FDCPA 15 U.S.C. §1692a(3).

3.    Defendant Santander is an Illinois corporation with its headquarters in Texas, and it is engaged in the business of indirect auto financing through the purchase of retail installment contracts originated by car dealerships in Connecticut, Massachusetts, and other states.

4.    John Doe #1 ("JD 1") is a natural person, corporation, partnership, or limited liability company engaged in the repossession of motor vehicles.

5.    John Doe #2 ("JD 2") is a natural person believed to reside in Connecticut, and he is a principal or employee of JD 1.

### III. JURISDICTION

6.    Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337, and Fed. R. Civ. P. 18(a).

7.    This Court has jurisdiction over the defendants because they are located in or regularly do business in this state.

8.    Venue in this Court is proper, because the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

9.    Prior to January 29, 2019, Plaintiff purchased a 2015 Chevrolet Silverado 1500 (the "Vehicle") from a Massachusetts car dealership pursuant to a retail installment contract (the "Contract") that was subsequently assigned by the dealership to Santander.

10.   On January 29, 2019 and at all times relevant hereto, Santander was the holder of the Contract, and it had a lien on the Vehicle to secure the amount due under the Contract.

11.   In 2018, Plaintiff experienced financial difficulties and fell behind on her payments.

12.   Although Plaintiff was behind on her payments as of January 29, 2019, she did not believe that the Vehicle was subject to being repossessed, because it was her genuine, although mistaken, belief that the Vehicle could not be repossessed unless she was significantly further behind on her payments than she was at that time.

2

13.   Plaintiff was employed at that time as the operations manager of a warehouse and distribution facility in Enfield, Connecticut.

14.   On January 29, 2019, Plaintiff was at work and happened to be outside in the front of the building.

15.   At approximately 9:30 pm, Plaintiff saw an unmarked tow truck owned by JD 1 and driven by JD 2 enter the building's parking lot and pull up in front of the Vehicle.

16.   Plaintiff approached JD 2, who had not yet attached the Vehicle to his tow truck, and asked if she could help him.

17.   JD 2 stated that he was there to repossess the Vehicle.

18.   Plaintiff protested the repossession and asked JD 2 to leave.

19.   JD 2 said that, if Plaintiff interfered with the repossession, he would call the police.

20.   At this time, JD 2 still did not have the Vehicle fully connected to the tow truck and did not have the truck.

21.   Plaintiff repeated multiple times that she did not consent to the repossession and asked JD 2 to leave the premises.

22.   During this time, several of Plaintiff's co-workers had begun to gather around the Vehicle while others were watching from a distance.

23.   Plaintiff quietly implored JD 2 not to repossess the truck in front of her co-workers.

24.   JD 2 told Plaintiff that if he was going to take the Vehicle and that, if she did not give him the key, there would be damage to the Vehicle's all-wheel drive system and she would also be responsible to pay a fee to make a new key.

3

25.   Plaintiff then asked if she could remove her bag from the Vehicle, and JD 2 agreed.

26.   Plaintiff entered the truck and began to gather her personal possessions.

27.   While Plaintiff was in the Vehicle, JD 2 completed the attachment of the Vehicle to the tow truck, and he raised the front end of the Vehicle while Plaintiff was in the truck.

28.   Plaintiff became scared, because the truck was elevated at a very high angle.

29.   Plaintiff's co-workers began yelling at JD 2 to lower the truck.

30.   Plaintiff feared that the situation was about to become violent and that her co-workers, who were very protective of her, would initiate a physical altercation with JD 2.

31.   JD 2 lowered the truck somewhat, but it was still not fully on the ground.

32.   Plaintiff attempted to exit the Vehicle, but it was a drop of approximately one and one-half feet from the door.

33.   Additionally, there had been a sleet and ice storm earlier in the day.

34.   Plaintiff slipped as she attempted to exit, causing minor injuries, including a bruised knee.

35.   Plaintiff was not able to obtain all of her personal items, including a copy of her credit report, work uniforms, and her apartment lease.

36.   Additionally, Plaintiff was not able to recover a United States flag that was presented to her in August 2018 by the United States government following the interment of her father, a former Navy Seal, in the Saratoga National Cemetery.

37.   Plaintiff was also not able to recover a folder containing information regarding her father's plot location and photographs of her father.

38.   Plaintiff has made multiple requests of Santander that she be permitted to retrieve her personal items, and Santander has refused to honor those requests and has wrongfully withheld these items from Plaintiff.

## V.  CAUSES OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT
(JD 1 and JD 2)

39.   JD 1 and JD 2's conduct, as described above, violated the FDCPA § 1692f(6), in that they continued with a repossession attempt after it became apparent that the Vehicle could not be taken without breach of peace, and they breached the peace in repossessing the Vehicle.

40.   JD 1 and JD 2 are liable for actual damages, including damages for personal injury and emotional distress, plus additional damages of up to $1,000.

### BATTERY
(JD 1 and JD 2,)

41.   Through his actions as described above, JD 2 caused physical impairment of Plaintiff's body, physical pain, and injury.

42.   This impairment, pain, and injury were the direct and immediate consequence of a force exerted by JD 2 intentionally, wantonly, and without the exercise of due care, i.e., he knowingly raised the Vehicle while Plaintiff was inside and he failed and refused to lower it so that she could safely exit the Vehicle without injury.

43.   JD 2 was acting within the scope of his employment with JD 1 and, as such, JD 1 is liable for JD 2's action.

44.   Plaintiff has suffered physical injury and emotional distress as a consequence of the battery committed by JD 2.

45.   Plaintiff is entitled to nominal damages and common law punitive damages for the assault committed by JD 2.

## NEGLIGENCE
### (JD 1 and JD 2)

46.   The acts of JD 2, as described above, created an unreasonable risk of causing Sherman harm and did cause Sherman harm.

47.   JD 2 owed Plaintiff a duty to not expose her to risk of injury and failed to act with due care.

48.   JD 2 was acting within the scope of his employment with JD 1 and, as such, JD 1 is liable for JD 2's action.

49.   JD 1 and JD 2 are liable to Sherman for Damages.

## UNIFORM COMMERCIAL CODE
### (SANTANDER)

50.   Santander violated Part Six of Article 9 of the Uniform Commercial Code, Mass. Gen. Laws. ch. 106, by repossessing the Vehicle when it could not be taken without breach of peace.

51.   For its UCC violations, Santander is liable to Plaintiff for her damages.

**MA ch. 93a**
**(SANTANDER)**

52.   Santander violated MA ch. 93a when its agents repossessed the Vehicle in a manner that breached the peace and injured Plaintiff.

53.   Santander further violated MA ch. 93a by improperly retaining Plaintiff's personal property that was left in the Vehicle, some of which has significant sentimental value.

54.   Plaintiff sent Santander a notice of claim and an opportunity to settle pursuant to ch. 93a, and Santander has made no response.

WHEREFORE, Plaintiff claims actual damages, statutory damages, treble damages, punitive damages, and such other relief as may be available at law or in equity.

PLAINTIFF, MANCHA SHERMAN

By: _____
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road
Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457